IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES and the STATE OF TEXAS, ex rel. TINA STRAWN,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS HEALTH SYSTEM<br><br>    Defendant. | §§§§§§§§§§§ Civil Action No. 4:20-cv-00296 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF THE
FEDERAL RULES OF CIVIL PROCEDURE

**1.** **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

Counsel held a video conference on November 22, 2021.

| Attending for Plaintiff-Relator was: | Attending for Defendant was: |
|---|---|
| Marc M. Orlow<br>Admitted *Pro Hac Vice*<br>(NJ Bar No. 007481993)<br><br>BEGELMAN & ORLOW, P.C.<br>411 Route 70 East, Suite 245<br>Cherry Hill, New Jersey 08034<br>Telephone: (856) 428-6020<br>Facsimile: (856-428-5485)<br>marc.orlow@begelmanorlow.com | Jay Dewald<br>Texas Bar No. 24001990<br>S.D. Tex. ID No. 25146<br><br>NORTON ROSE FULBRIGHT US LLP<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br>Telephone: (210) 270-7180<br>Facsimile: (210) 270-7205<br>jay.dewald@nortonrosefulbright.com |

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   None.

3. **Briefly describe what this case is about.**

   Relator, a current employee, alleges that the Harris County Hospital District violated the federal False Claims Act (FCA) and the Texas Medicaid Fraud Prevention Act (TMFPA) in the following ways:

   1. By violating the terms of Institutional Patient Assistance Program (IPAP) agreements by allowing drugs donated by pharma companies to be diverted to non-qualifying patients or illegally billed to Medicaid;

   2. By violating the terms of the federal "340B" drug program by allowing drugs sold to the Harris County Hospital District by pharma companies at legally capped prices to be diverted to non-qualifying patients or illegally billed to Medicaid;

   3. Double billing the administrative charges associated with the administration of vaccines and failing to fix issues concerning the tabulation of vaccines provided to indigent individuals; and

   4. Submitting false claims for a higher level care for portions on new born stay in the intensive care and failing to fix issues concerning newborn hospital stays being reported at higher levels of care than required.

   Defendant disputes the allegations.

4. **Specify the allegation of federal jurisdiction.**

   Relator asserts that the federal False Claims Act (FCA) bestows subject matter jurisdiction over the federal FCA claims. 28 U.S.C. § 1331; 31 U.S.C. § 3732. This Court may exercise permissive jurisdiction over Texas Medicaid Fraud Prevention Act (TMFPA) claims, but if the FCA claims are dismissed, this Court may decline to exercise that permissive jurisdiction over the TMFPA claims. 28 U.S.C. § 1367; 31 U.S.C. § 3732. *See also U.S. and State of Texas ex rel. Jacobs v. Walgreen Co.*, 2021 WL 4054308, *4 (S.D.Texas July 29, 2021).

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   If pre-litigation resolution fails, Defendant intends to move to dismiss Relator's complaint based on two jurisdictional bars: the public disclosure bar and governmental immunity.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The Parties are not aware of any additional parties who should be included in this action.

**7.    List anticipated interventions.**

The United States of America and the State of Texas have both declined to intervene in this matter. That said, either or both (in theory) could decide to intervene.

**8.    Describe class-action issues.**

None.

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have been discussing pre-litigation resolution since the matter was unsealed and agree that the costs of discovery and motions practice make such a resolution less likely. Thus, the parties have not made any Rule 26(a) initial disclosures and will jointly stipulate to delay such disclosures until after pre-litigation resolution discussions have reached an impasse and dismissal motions have been fully addressed.

**10.   Describe the proposed agreed discovery plan, including:**

   **a. responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

   **b. when and to whom the plaintiff anticipates it may send interrogatories;**

   **c. when and to whom the defendant anticipates it may send interrogatories;**

   **d. of whom and by when the plaintiff anticipates taking oral depositions;**

   **e. of whom and by when the defendant anticipates taking oral depositions;**

   **f.**

   **i. the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

   **ii. the date experts for defendant will be designated and their reports provided to opposing party;**

   **g. list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (see Rule 26(a)(2)(B) (expert report)); and**

   **h. list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (see Rule26(a)(2)(B) (export report)).**

The parties have been discussing pre-litigation resolution since the matter was unsealed and agree that the costs of discovery and motions practice make such a resolution less likely. The parties believe discovery, including a discovery plan, is premature at this point

and will jointly stipulate to delay such discovery (including a discovery plan) until after pre-litigation resolution discussions have reached an impasse and dismissal motions have been fully addressed.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree that discovery (including a discovery plan) is premature at this point.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.  State the date the planned discovery can reasonably be completed.**

The parties agree that discovery is premature.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have already (and over the course of many months) discussed the possibilities for prompt settlement or resolution of the case. Given the complexity and breadth of the accusations, these efforts have been time-intensive. Mediation was scheduled to take place in October 2021 and was rescheduled to January 25, 2022, due in part to complications relating to the COVID-19 pandemic. The parties' discussions are ongoing.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Shortly after the case was unsealed, the parties started good faith discussions to resolve the issues. The parties sought three extensions of court deadlines to facilitate those discussions and a potential mediation. The parties' discussions are ongoing.

**16.  From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Mediation is currently scheduled to take place on January 25, 2022.

**17.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Given the preliminary stage of the case, the parties do not consent at this time.

**18.  State whether a jury demand has been made and if it was made on time.**

The parties agree that a jury demand was timely made.

19. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    Given the preliminary stage of the case, the parties cannot estimate trial efforts at this time. The parties can only report, as noted in response to question 14, that the complexity and breadth of the accusations have thus far made pre-trial resolution a time-intensive endeavor.

20. **List pending motions that could be ruled on at the initial pretrial conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

    Given the breadth of the complaint, the discovery burden on the Harris County Hospital District in this matter is potentially huge. The complaint contains four different, broadly worded theories of violations spanning multiple years and multiple departments at one of the nation's largest indigent safety-net hospital systems covering many different locations. Record preservation efforts were deployed immediately upon receiving notice of this lawsuit, but collection and production efforts will be massive. Importantly, this discovery burden would fall on the Harris County Hospital District at a time when it remains heavily engaged in caring for high volumes of patients in the COVID-19 pandemic.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    All parties have so filed.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    All counsel in this case are listed in signature block below.

Respectfully Submitted:

Dated: December 3, 2021

BEGELMAN & ORLOW, P.C.

*/s/ Marc Orlow*

Marc M. Orlow (*Attorney-in-charge*)
Admitted PHV
marc.orlow@begelmanorlow.com
Ross Begelman
Admitted PHV
BEGELMAN & ORLOW, P.C.
411 Route 70 East, Suite 245
Cherry Hill, New Jersey 08034
Telephone: (856) 428-6020

Robert E. Goodman, Jr.
Texas Bar No. 08158100
S.D. Tex. ID No. 278353
reg@kilgorelaw.com
Kilgore Law Center
3109 Carlisle Street
Dallas, Texas 75204
Telephone: (214) 969-9099

*Attorneys for Relator*

NORTON ROSE FULBRIGHT US LLP

*/s/ Jay Dewald*

Jay Dewald (*Attorney-in-charge*)
Texas Bar No. 24001990
S.D. Tex. ID No. 25146
jay.dewald@nortonrosefulbright.com
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 270-7180
Facsimile: (210) 270-7205

Erin Lunceford
Texas Bar No. 12694200
erin.lunceford@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010
Phone: 713-651-5165
Facsimile: 713-651-5246

*Attorneys for Defendant Harris County Hospital District d/b/a Harris Health System*

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Jay Dewald
Jay Dewald