IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES and the STATE OF TEXAS, ex rel. TINA STRAWN, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-CV-0296 |
| HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS HEALTH SYSTEM, | § § § § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant Harris County Hospital District d/b/a/ Harris Health System ("Harris Health"). (Dkt. 50). After considering the pleadings and the record, the Court **GRANTS** Harris Health's motion on the grounds that the Court lacks subject-matter jurisdiction over this dispute. The Court **ORDERS** this case be **DISMISSED** without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Relator Tina Strawn, the head of Patient Financial Services at Harris Health, brought a complaint against her employer under the False Claims Act ("FCA") (31 U.S.C. §3729) and the Texas Medicaid Fraud Prevention Act ("TMFPA") (Tex. H.R. Code § 36.001 et seq and §32.039 et seq). (Dkt. 1). After the United States and the State of Texas declined to intervene, Strawn filed an amended complaint. (Dkt. 16).

Strawn alleges that Harris Health:

(1) submitted fraudulent claims for drugs intended for use in bulk drug replacement programs;

(2) fraudulently diverted drugs purchased under the Health Resources and Services Administration's 340(B) Drug Pricing Program from outpatient programs to inpatient programs;

(3) double-billed certain charges for immunizations; and

(4) submitted fraudulent claims for newborn hospital stays.

Harris Health filed a motion to dismiss, arguing that (1) it is a state entity immune from suit, and (2) Strawn failed to state a claim upon which relief can be granted, particularly given the heightened pleading standard of Rule 9(b). FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Court considers Harris Health's motion below.

## LEGAL STANDARDS

*Rule 12(b)(1)*

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the

complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### *Rule 12(b)(6)*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and

> conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true. *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss).

### *The False Claims Act*

The FCA "is intended to protect the Treasury against the hungry and unscrupulous host that encompasses it on every side." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 184 (5th Cir. 2009) (cleaned up). To that end, the FCA imposes liability on "any person" who, among other things, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States government, or who

"knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)–(B).

The FCA permits a private person, known as a "relator," to bring an action in the name of the United States for a violation of the FCA. *See id*. § 3730(b)(1). Such lawsuits are commonly referred to as *qui tam* suits. "After the relator has filed suit, the action is sealed for sixty days while the government decides whether to intervene." *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 325 n.3 (5th Cir. 2011) (citing 31 U.S.C. § 3730(b)(2)). "If the government chooses not to intervene, the relator may proceed independently." *Id*. (citing 31 U.S.C. § 3730(e)(4)(B)).

## ANALYSIS

Harris Health argues that it is a "political subdivision of the State of Texas" that has sovereign immunity from suit under the Eleventh Amendment. (Dkt. 50 at 11). Harris Health further argues that neither the FCA nor the TMFPA abrogates its sovereign immunity. (Dkt. 50 at 11). In response, Strawn argues that Harris Health "should be treated as a local government entity" and thus is not immune from suit. (Dkt. 52 at 17). The Court agrees with Harris Health that it is immune from suit.

The Eleventh Amendment of the United States Constitution provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Thus, the Fifth Circuit has held that the Eleventh Amendment "bars an individual from suing a state in

federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Such consent from a State must be clear and unequivocal. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Similarly, the Supreme Court has also required "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Id*. (*citing Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Further, "[i]t has long been settled that the reference to actions 'against one of the United States encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities.'" *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

Both state and federal courts have found that Harris Health, as a political subdivision of the State of Texas, is a "state instrumentalit[y]" immune from suit. *Id*. Federal courts have twice dismissed federal-law suits against Harris Health on jurisdictional grounds.[1] *See Huynh v. Harris Cnty. Hosp. Dist.*, No. 4:12–CV–3730, 2014 WL 1379912, at *3–4 (S.D. Tex. Apr. 8, 2014); *Alfred v. Harris Cnty. Hosp. Dist.*, 2016 WL 3847158, at *2 (S.D. Tex. Jan. 7, 2016), *aff'd* 666 F. App'x 349, 350 (5th Cir. 2016). The Texas Supreme Court also dismissed a state-law case against Harris Health on jurisdictional grounds. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 849 (Tex. 2009). The Fifth

---

[1] Strawn argues that these cases are distinguishable insofar as they involve Federal Medical Leave Act ("FMLA") claims. (Dkt. 52 at 14-15). But there is no support for the argument that the sovereign immunity analysis for FMLA disputes differs from that for FCA disputes.

Circuit and Texas Supreme Court cases are still good law, and the Court will follow them here.

Furthermore, while certain statutes provide waivers of immunity, neither statue at play in this dispute provides such a waiver. TMFPA preserves immunity for state entities in false claims actions. Tex. Hum. Resources Code § 36.116. And the United States Supreme Court has held that the FCA "does not subject a State (or state agency) to liability." *Vermont Agency Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787-88 (2000). Because Harris Health cannot be sued under the TMFPA or the FCA, Harris Health is entitled to dismissal of Strawn's claims under those statutes.[2]

## CONCLUSION

The Motion to Dismiss filed by Defendant Harris Health (Dkt. 50) is **GRANTED**. Plaintiff Strawn's claims against Harris Health are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on January 31, 2023.

George C. Hanks Jr.
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants Harris Health's motion to dismiss on sovereign immunity grounds, the Court declines to address Harris Health's arguments that Strawn failed to state a claim upon which relief may be granted.